IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KEVIN SMITH | § | |
| VS. | § | CIVIL ACTION NO. 1:12cv524 |
| PAT KNAUTH, ET AL. | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Kevin Smith, an inmate at the Stevenson Unit in Beaumont, Texas, proceeding *pro se*, brought the above-styled lawsuit against Pat Knauth, Bryan Laine, Rife Kimler, Tom Maness, and G. Mitch Woods.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this action be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes plaintiff's objections are without merit. For the reasons set forth in the Report, plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In order to recover damages for allegedly unconstitutional convictions or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,

a plaintiff must prove that the imprisonment or its duration has been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A claim for damages based on a conviction or sentence that has not been so invalidated does not state a cause of action. *Id*. Plaintiff has filed a previous petition for writ of habeas corpus concerning his conviction; however, the petition was dismissed as barred by limitations. *See Smith v. Thaler*, 1:12cv131 (E.D. Tex. Sept. 17, 2012). Thus, plaintiff is barred from filing any further petitions without first obtaining permission from the Fifth Circuit which he did not do. Further, as plaintiff complains of incidents which occurred at trial or on appeal during June 2006, plaintiff's claims are barred by limitations. The statute of limitations in Texas for section 1983 actions is two years. *Burrell v. Newsome*, 883 F.2d 416, 419 (5th Cir. 1989); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990). Accordingly, plaintiff's claims are frivolous and fail to state a claim upon which relief may be granted.

Finally, to the extent plaintiff's complaint may be interpreted as asserting state law claims, this court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c).

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. The court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED** this the **18** day of **September, 2014.**

Thad Heartfield
United States District Judge